UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21500-CIV-MARTINEZ

CHRISTOPHER E. OLSON,

    Plaintiff,

v.

STAR LIFT INC. and YOVANI DOMINGUEZ,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, IN THE ALTERNATIVE, REQUEST TO CONVERT MOTION INTO MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED STATEMENT OF FACTS AND MEMORANDUM OF LAW**

Defendants, Star Lift Inc. and Yovani Dominguez, individually, by and through undersigned counsel, file this Motion to Dismiss for Lack of Subject Matter Jurisdiction, in the Alternative, Request to Convert Motion into Motion for Summary Judgment, and in support state:

**BACKGROUND**

The Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) for alleged overtime and minimum wage violations. The Complaint sets forth two (2) substantive counts pursuant to the Fair Labor Standards Act ("FLSA"): one against the corporate Defendant for alleged overtime violations, and one against the individual Defendant for those same violations. Plaintiff seeks back wages, liquidated damages, prejudgment interest, attorneys' fees, and litigation expenses. (*See generally, Complaint*).

Star Lift Inc. and Yovani Dominguez are a local forklift repair company with one location in South Florida that has grossed more than $500,000 recently and one of its managers. However, the corporate Defendant does not have two or more employees engaged in commerce or in the production of goods for commerce, and is a local business only transacting and seeking to transact business in South Florida. These simple facts, even though it has gross revenue that exceeded $500,000, warrant summary judgment in the Defendants' favor. *Zarate v. Jamie Underground, Inc.*, -- F. Supp. 2d --, 2009 WL 1838321 (S.D. Fla., June

23, 2009) (Martinez, J.) (holding local ditch digging and cable installation business not covered by the FLSA); *Williams v. Signature Pools, Inc.*, 615 F. Supp. 2d 1374 (S.D. Fla. 2009) (Ungaro, J.); *Flores v. Nuvoc, Inc.*, 610 F. Supp. 2d 1349 (S.D. Fla. 2008) (holding a local home builder is not engaged in interstate commerce) (Gold, J.); *Vallecillo v. Wall to Wall Residence Repairs, Inc.*, 595 F. Supp. 2d 1374 (S.D. Fla. 2009) (local residential remodeling company not in interstate commerce) (Zloch, J.); *Monelus v. Tocodrian, Inc.*, 598 F. Supp. 2d 1312 (S.D. Fla. 2008) (holding that a local restaurant is not engaged in interstate commerce) (Dimitrouleas, J.); *Milbourn v. Aarmada*, 588 F. Supp. 2d 1341 (S.D. Fla. 2008); *Lamonica v. Safe Hurricane Shutters, Inc.*, 578 F. Supp. 2d 1363 (S.D. Fla. 2008) (local hurricane shutter installation company not in interstate commerce); *Polycarpe v. E & S Landscaping, Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla. 2008) (local landscaping business not in interstate commerce); *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312 (S.D. Fla. 2008) (local residential remodeling company not in interstate commerce); *Morales v. M & M Painting and Cleaning Corp.*, 2008 WL 4372891 (S.D. Fla., Sept. 24, 2008) (O'Sullivan, J.) (holding that FLSA does not apply to local painting company); *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 1777392 * 5-6 (S.D. Fla., Apr. 17, 2008) (landscaping company) (Huck, J.). The defendants in the above-cited cases were landscaping companies, cable installation companies, pool installation companies, painting companies, restaurants, and similar companies with a local South Florida operation similar to Defendants' business (service of the tri-county area). The corporate Defendants rely on the Declaration of its owner for the above-stated facts. The above-cited cases relied on an Eleventh Circuit case for their holdings that unless the plaintiff can prove that two or more employees are engaged in interstate commerce, summary judgment is warranted. *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 5250274 (11th Cir., Dec. 18, 2008); *Scott v. K.W. Max Investments, Inc.*, 2007 WL 2850926 (11th Cir., Oct. 2, 2007); *Dunlop v. Industrial America Corp.*, 516 F.2d 498 (5th Cir. 1975); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267 (11th Cir. 2006). The Court should note that *Scott* and *Flores* are cases that pertained to defendants who were building entire homes, and the Defendants in this case just repair forklifts.

**MEMORANDUM OF LAW**

I. **THE LEGAL STANDARDS FOR GRANTING A MOTION FOR SUMMARY JUDGMENT AND DISMISSAL UNDER 12(b)(1)**

A. **Standard for Establishing Subject Matter Jurisdiction**

It is settled that "the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists").

B. **Legal Standard for Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted

3

by a party. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969).

    C.    **Legal Standard for Summary Judgment**

Summary judgment under Federal Rule Civil Procedure 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffrey v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*) (quoting *Celotex*, 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*, 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson,* 477 U.S. at 252; *see also Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir. 1998) (citations omitted). The Court must then decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

Because the Defendants submit the Declaration of Yovani Dominguez with this Motion, an issue arises concerning whether the Court must convert the Motion into a motion for summary judgment in order

4

to consider that evidence. Normally, only the four corners of the plaintiff's complaint, taken as true, will be the basis for determining whether the pleader has stated valid claims, Jack H. Friedenthal, et al., *Civil Procedure*, § 5.22, at 295 (2d ed. 1993); however, in the context of FLSA cases in which jurisdiction is being challenged and an affidavit from a manager or owner of the company with knowledge of the returns submitted with a motion to dismiss may be considered without converting the motion to dismiss into a motion for summary judgment and without any additional discovery. *See, e.g.*, *Cordero v. Red Grouper, Inc.*, 2008 WL 1781158 (M.D. Fla. 2008) (denying a motion to permit discovery limited to the issue of enterprise coverage and holding that tax returns are enough to decide the issue); *Lopez v. Top Chef Investment, Inc.*, 2007 WL 4247646, *3 (S.D. Fla. 2007) (rejecting plaintiff's conclusory assertions that the defendant had gross revenue that exceeded $500,000 annually, and accepting the figures on the defendant's tax returns in granting summary judgment for defendant); *Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 524 (D. Md. 2006) (granting motion to dismiss filed by restaurant sued by a waitress, and disallowing any discovery with regard to the tax returns and affidavit submitted with the motion). The Eleventh Circuit has considerable precedent in the Rule 12(b)(6) context that holds that a court must convert a motion to dismiss into a motion for summary judgment when matters outside of the four corners of the complaint are submitted with the motion, and must give the non-moving party ten (10) days notice to marshal evidence in response to the motion, but has numerous exceptions to that general rule. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In *Day*, the court held that a district court can consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documents are 1) central to the plaintiff's claim and 2) undisputed. *Day*, 400 F.3d at 1276. In this context, "undisputed" means that the authenticity of the documents is not challenged. *Id.* In this case, the facts that the corporate Defendant is a local company is central to Plaintiff's claims, because there are jurisdictional allegations alleged in the Complaint and the statements directly pertain to those allegations, and it cannot be disputed by the Plaintiff that the corporate Defendants is a local business as stated in the affidavit. *Id.*

It is not known for certain if the Plaintiff desires to engage in discovery concerning the truthfulness of the local nature of the corporate Defendant. Whether Plaintiff's counsel does or not, the above case law shows that the Court does not have to allow that. In any event, undersigned counsel raises these points to inform the Court of the appropriate range of relief, and concerning whether to allow discovery or not. If the Plaintiff challenges the averments that the business is local, and if the Court does allow discovery, the Defendants request that the Court limit discovery to only the issue of subject matter jurisdiction, and that discovery be limited to thirty (30) days. *Delisle v. LGY Corp.*, 535 F. Supp. 2d 1266 (S.D. Fla. 2008); *Guzman v. Irmadan, Inc.*, 2008 WL 926375 (S.D. Fla., Mar. 4, 2008). Undersigned counsel raises this issue because the Defendants do not desire for the amount of attorneys fees expended in engaging in discovery with respect to jurisdiction to be prohibitive, or exceed the amount of alleged overtime that is owed.[1]

---

[1] The Court should note that other Judges in the Southern District of Florida have recently allowed plaintiffs approximately thirty (30) days in which to respond to a motion for summary judgment that challenges subject matter jurisdiction in a FLSA case. *Delisle v. LGY Corp.*, 535 F. Supp. 2d 1266 (S.D. Fla. 2008); *Guzman v. Irmadan, Inc.*, 2008 WL 926375 (S.D. Fla., Mar. 4, 2008); *Lainez v. Francis Eng'g*, 2008 WL 3875406, *1 (S.D. Fla., Aug. 4, 2008) (allowing thirty (30) days for discovery). In *Delisle*, Judge Seitz gave the plaintiff approximately thirty (30) days to engage in discovery and file a response to the Motion for Summary Judgment. In *Irmadan, Inc.*, Judge Altonaga provided the plaintiff with thirty-four (34) days in which to engage in discovery and file a response. In neither case did the Court outright deny the motions to dismiss/summary judgment, but rather converted them to summary judgment in both cases. At least one other published opinion in South Florida involved a court converting a motion to dismiss into a motion for summary judgment and giving the plaintiff a few weeks to engage in discovery, but staying discovery except for subject matter jurisdiction. *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (converting motion to dismiss into motion for summary judgment and granting summary judgment in favor of defendants).

Here, the Defendants ask that the Court convert the Motion into a Motion for Summary Judgment (as the courts did in *Navarro*, *Delisle*, and *Irmadan, Inc.*), provide the Plaintiff with an opportunity to conduct discovery, limited to the subject matter jurisdiction issues, and that it order that the plaintiff may submit a response in approximately forty (40) days from its ruling. This is a similar approach taken by the courts in *Navarro*, *Delisle*, and *Irmadan, Inc.*, and those courts noted that their approach was consistent Eleventh Circuit precedent. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (holding that if a factual attack is made as to subject matter jurisdiction, the court should convert the motion into one for summary judgment).

In *Delisle* and in *Irmadan, Inc.*, the plaintiffs were able to provide their responses to the dispositive motions in a timely manner. In *Delisle*, the plaintiff admitted that there was no enterprise coverage or individual coverage (after deposition were taken), and did not even submit a response—the parties submitted a proposed order granting the defendants' motion for summary judgment on March 24, 2008, the day that the plaintiff's response was due. In *Irmadan, Inc.*, the plaintiff engaged in discovery (took the deposition of the individual defendant and an accountant and obtained the pertinent financial records) and filed his response a week early [D.E. 28, 29], conceding the issue of enterprise coverage but contesting the issue of individual coverage. That these other courts allowed approximately thirty (30) days for discovery on the issues of enterprise coverage and individual coverage is strong support that the Plaintiff be allowed approximately

6

## II. STATEMENT OF MATERIAL UNDISPUTED FACTS

The Statement of Undisputed Material Facts (cited hereinafter as "Facts ¶ ___") has been set forth herein. The Declaration of Yovani Dominguez has been attached hereto as Exhibit 1.

1. Defendants are a local forklift repair company with one location in South Florida (Miami), and its manager. (*Declaration of Yovani Dominguez* ¶ 2, attached hereto as Exhibit 1). Plaintiff began working for the corporate Defendant as a laborer assisting in repairing the forklifts. *Id.* ¶ 3. Dominguez is one of the managers of the corporate Defendant. *Id.* ¶ 4.

2. Plaintiff did not engage in any way in interstate commerce himself. *Id.* ¶¶ 5-6. Plaintiff used products purchased locally at retail stores here in South Florida. *Id.* All of the various products that the company used and that may have been used by Plaintiff and the other employees of the Defendants were produced in Florida or purchased from retailers selling products in the local South Florida market, with the exception that one employee occasionally did order parts from out of state, but there were never two or more employees that did that, and those parts were ordered locally over the internet. *Id.* ¶ 6.

3. Defendants have essentially one type of employee, the laborers like Plaintiff who work on the forklifts, though they had one person who was a partsman. *Id.* ¶ 6.

4. Defendants simply operate a forklift repair company in the local community in South Florida, and do not produce any goods or provide any services outside the local South Florida area, nor have they ever sought to do that. *Id.* ¶¶ 6-8.

## III. THE PLAINTIFF CANNOT ESTABLISH JURISDICTION UNDER THE FLSA, BECAUSE THE DEFENDANTS DO NOT EMPLOY ANYONE ENGAGED IN INTERSTATE COMMERCE OR IN THE PRODUCTION OF GOODS FOR INTERSTATE COMMERCE, AND PLAINTIFF WAS NOT SO EMPLOYED HIMSELF

### A. General Analysis

---

thirty (30) days for discovery and filing any response to the Motion for Summary Judgment. As stated in Defendants, Motion, the Eleventh Circuit has held repeatedly that when a court converts a motion to dismiss into a motion for summary judgment when matters outside of the four corners of the complaint are submitted with the motion, the trial court need only give the non-moving party ten (10) days notice to marshal evidence in response to the motion, but has numerous exceptions to that general rule, which allow for no time to be given. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Section 207(a) of the FLSA provides, in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Simply put, the FLSA requires an employer to pay overtime at a rate of one and one-half the employee's regular rate for all time worked over 40 hours in a week, as long as that employee is engaged in commerce or in the production of goods for commerce. *Id.* These FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce—enterprise coverage. *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003). "The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.,* 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005) (citing *D.A. Schulte, Inc., v. Gangi,* 328 U.S. 108, 121 (1946) and *Warren-Bradshaw Drilling Co. v. Hall,* 317 U.S. 88, 90 (1942)). This is because the burden of proof on a challenge to subject-matter jurisdiction lies with the party invoking the court's jurisdiction: here, the Plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists").

Under the first type of FLSA coverage—"individual coverage"—an employee is entitled to time-and-a-half overtime pay as long as he or she is "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207; *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312 (S.D. Fla. 2008). To determine whether an employee performed such work, a court must focus its inquiry on the activities of the employee and not on the business of the employer. *See Mitchell v. Lublin McGaughy & Assocs.,* 358 U.S. 207, 211 (1959); *see also Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1267-68 (11th Cir. 2006). In *Thorne*, the Eleventh Circuit held that it was "the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce", and thus an employee

8

must be "engaged in commerce", which means he must be "directly participating in the actual movement of persons or things in interstate commerce". *Thorne*, 448 F.3d at 1266. Further, in addition to the requirement that the individual must be directly participating in the actual movement of persons or things in interstate commerce, "[f]or an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce." *Kitchings*, 393 F. Supp.2d at 1293 n.26 (quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York,* 86 F. Supp.2d 280, 287 (S.D. N.Y. 2000) and (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572 (1943)).

Under the second type of FLSA coverage—"enterprise coverage"—an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(ii). Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have employees handling goods or materials that have been moved in interstate commerce *and* must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii); *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 5250274, (11th Cir., Dec. 18, 2008), *aff'g Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 1777392 * 5-6 (S.D. Fla., Apr. 17, 2008).

The FLSA overtime provisions apply only to "employers." The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employer" has been broadly construed by the courts to effectuate the remedial purpose of the statute. *See, e.g.*, *Dole v. Simpson,* 784 F. Supp. 538, 545-47 (S.D. Ind. 1991); *Goetz v. Synthesys Tech, Inc.,* 286 F. Supp. 2d 796, 800 (W.D. Tex. 2003). In analyzing the issue, courts look to the economic realities of

9

the employment relationship, rather than relying on corporate titles or traditional common law agency principles. *See Dole v. Simpson,* 784 F. Supp. 538, 545 (S.D. Ind. 1991) (citing *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)). The Eleventh Circuit has routinely interpreted this phrase to mean that an individual "employer" must be 1) a corporate officer, 2) who is involved in the day-to-day operations of the business, or otherwise involved with decisions respecting the setting of wages in order to be an "employer" under the Act. *Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160-61 (11th Cir. 2008); *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986) (citing *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)).

To resolve this Motion the Court must decide three issues. The first is whether, reviewing the record in the light most favorable to Plaintiff, the Plaintiff participated in the actual movement of persons or goods in interstate commerce, and whether that participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. The second is whether, reviewing the record in the light most favorable to Plaintiff, the corporate Defendant employed two or more employee who regularly and recurrently engaged in interstate commerce. The third is whether Dominguez can be held personally liable under the FLSA. The Court should note that given the *Zarate*, *Williams*, *Flores*, *Monelus*, *Aarmada*, *Bien-Aime*, *Polycarpe*, *Lamonica*, *Morales*, and *Sandoval* cases, summary judgment is clearly appropriate here.

## B.  Individual Coverage

Plaintiff ostensibly alleges that the overtime provisions of the FLSA apply in this case because his work for Defendants involved the use of goods that traveled in interstate commerce. As to Plaintiff's use of goods that traveled in interstate commerce, it is well-settled that this is not enough to invoke individual coverage under the FLSA. *See Thorne,* 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)); *Junkin v. Emerald Lawn Maintenance & Landscaping, Inc.*, 2005 WL 2862079, *1 (M.D. Fla. 2005) (holding that there was no individual coverage because "[t]he Court is not persuaded that the mere act of transporting goods that previously found themselves in the flow of interstate commerce means that an

employee 'engaged in commerce' and is thus subject to 'individual coverage' under the FLSA"); *see also Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 526-27 (D. Md. 2006) (citing *Thorne* and rejecting the argument that handling produce from out-of-state demonstrates that a restaurant employee is engaged in interstate commerce). The reason for these decisions is found in Supreme Court decisions that clearly hold that the inquiry concerning individual coverage focuses "on the activities of the employee and not on the business of the employer." *Mitchell v. Lublin McGaughy & Assocs.,* 358 U.S. 207, 211 (1959).[2] The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods for interstate commerce. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 121 (1946); *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942). Finally, and importantly, "a substantial part of [Plaintiff's] work" must be the engagement in interstate commerce for the Plaintiffs to successfully invoke enterprise coverage. *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943) (holding that individual coverage is only established "[i]f a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the [FLSA]").

The Court should be aware that, not surprisingly after *Thorne*, other courts in the Southern District of Florida are readily granting summary judgment in favor of employers in FLSA cases, where individual

---

[2] Under individual coverage jurisprudence, "commerce" and "interstate commerce" are narrower terms of art than in other areas of Commerce Clause jurisprudence. As the Supreme Court has clarified, in enacting the FLSA, Congress did not intend to exercise the full extent of its constitutional regulatory powers, and clearly intended to exempt local businesses:

> [W]e cannot be unmindful that Congress in enacting this statute plainly indicated its purpose to leave local business to the protection of the states. [citations omitted]. Moreover as we stated in *Kirschbaum Co. v. Walling* [citations omitted], Congress did not exercise in this Act the full scope of the commerce power.

*Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 571 (1943). Further, because the FLSA manifests the "concern of Congress to avoid undue displacement of state regulation of activities of a dominantly local character . . . [t]he focus of coverage became 'commerce', not in the broadest constitutional sense, but in the limited sense of Section 3(b) of [the FLSA, 29 U.S.C. § 203(b)]: 'trade, commerce, transportation, transmission, or communication among the several States . . . .'" *Marshall v. Whitehead*, 463 F. Supp. 1329, 1345 (M.D. Fla. 1978) (citing *Mitchell v. H. B. Zachry Co.*, 362 U.S. 310, 315 (1960)). The corporate Defendant is a purely local, one-location, forklift repair business that does not have employees engaged in commerce or in the production of goods for commerce. (Facts ¶¶ 2-4). This is exactly the sort of local

coverage lacks.  Numerous district court opinions, since the *Thorne* case was decided, have actually ruled that individual coverage does not exist and have granted summary judgment for employers on that issue, see, *e.g.*, *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368 (S.D. Fla. 2008) (granting summary judgment on issue when plaintiff was remodeling residences for the employer, even though plaintiff picked up and purchased at retail stores various items needed for work); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (granting summary judgment in favor of defendants, even though plaintiff picked up automobile parts that had traveled in interstate commerce), *aff'd*, *Navarro v. Broney Automotive Repairs, Inc.*, 2008 WL 2315869 (11th Cir., June 6, 2008) (holding that to prove coverage under the FLSA the plaintiff must "participate in the actual movement of persons or things in interstate commerce" and reiterating that goods intended for resale are at rest and are no longer moving in commerce, and thus it is irrelevant to the coverage issue if the plaintiff, buys, uses, or handles retail or wholesale goods that are purchased locally that previously traveled in interstate commerce), *cert. denied*, -- S. Ct. --, 2008 WL 4144447 (2008); *Casseus v. First Eagle, L.L.C.*, 2008 WL 1782363 (S.D. Fla., Apr. 18, 2008) (granting summary judgment in favor of defendant and against the restaurant worker plaintiff); *Casanova v. Morales*, 2007 WL 4874773, *1 (S.D. Fla., Aug. 3, 2007), *aff'd*, -- F.3d --, 2008 WL 94756 (11th Cir. 2008); *Severin v. Pasha's Restaurants, Inc.*, 2007 WL 967021 (S.D. Fla., Mar. 22, 2007) (granting summary judgment on the issue—not enough direct involvement in the production of goods for commerce—to an employer when the employee ordered food and supplies, and made bank deposits regularly); *Thompson v. Robinson, Inc.*, 2007 WL 2714091 (M.D. Fla., Sept. 17, 2007) (granting summary judgment on the issue when the plaintiff did not use instrumentalities of commerce, such as fax machines, telephones, or e-mails, and his only involvement with goods was after they ceased to move in interstate commerce); *Scott v. K.W. Max Investments, Inc.*, 2007 WL 423080 (M.D. Fla., Feb. 6, 2007) (holding that the handling of building materials that had traveled in interstate commerce not enough to establish individual coverage, and noting that there was no production of goods, much less goods for commerce, since the employer was a service provider), and there has been one Eleventh Circuit case that has followed *Thorne*.  *Scott v. K.W. Max Investments, Inc.*, 2007 WL 2850926 (11th Cir., Oct. 2, 2007)

---

business Congress, in enacting the FLSA, intended to leave to the regulation of the several states.

(holding that the plaintiff purchasing goods from a Home Depot that had originally moved through commerce not entitled to invoke individual coverage).

It is clear from the facts of this case that the Plaintiff simply was not involved in any manner in the actual movement of persons or goods in interstate commerce, much less that the participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. (Facts ¶¶ 2-4). The Plaintiff simply worked as a worker for a local forklift repair business, and the materials with which he worked were clearly at rest, and no longer in interstate commerce. (Facts ¶¶ 2-4); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (holding that the instate purchase of automotive parts from wholesalers and retailers that were manufactured or traveled outside Florida does not constitute the engagement in commerce, because the parts were at rest and out of the stream of commerce).

Moreover, the Eleventh Circuit's decision in *Thorne* explaining that activities are not rendered interstate commerce simply because the employer purchased goods which had previously moved in interstate commerce, *Thorne*, 448 F.3d at 1268, completely eclipses any argument that the use of goods bought locally, despite where they may have originated, may cause a plaintiff to be considered engaged in interstate commerce. *Thorne's* determination that, "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intrastate* movement of the goods are not covered under the [FLSA]", *id.* at 1267 (emphasis in original), is the appropriate legal standard, rejecting the argument that if an employee merely handles goods that at one time traveled interstate that employee is entitled to invoke individual coverage. *See also Russell*, 430 F. Supp. 2d at 526 (granting motion to dismiss for lack of subject matter jurisdiction and citing *Thorne* for the proposition that there is no individual coverage for employees "who handle goods after an employer acquires the goods for local disposition"). Even before *Thorne*, other courts had reached the same conclusion. *Rivera v. Heights Landscaping, Inc.*, 2004 WL 434214 *4 (N.D. Ill. 2004) (holding that "'mere use, physical touching, or consumption of goods' that have traveled in interstate commerce is not enough [to establish individual coverage]" and "Plaintiffs cannot establish individual coverage merely by showing that in the course of their work they used rakes,

---

*Jacksonville Paper Co.,* 317 U.S. at 571.

fertilizers, or other goods that originated out of state") (citing *Joles v. Johnson County Youth Servs. Bureau, Inc.*, 885 F. Supp. 1169 (S.D. Ind.1995)). For the reasons addressed herein, the Defendants request that the Court hold that the Plaintiff has not met his burden to establish individual coverage.

### C. Enterprise Coverage

#### 1. The Two-or-More-Employees-Engaged-in-Commerce Requirement

Under the FLSA, unless the enterprise has $500,000 or more in gross annual revenue, and has two or more employees who are engaged in commerce or in the production of goods for commerce, the employer is not subject to the Act. 29 U.S.C. § 203(s)(1)(A)(i & ii). Section 203(s)(1)(A)(i) of the FLSA, which pertains to enterprise coverage, requires that the defendant-employer have employees engaged in commerce or in the production of goods for commerce, as follows:

> (s)(1) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise that–
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(1)(A)(i). The courts have found that the plaintiff seeking to establish enterprise coverage must satisfy both of these elements. *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 5250274, (11th Cir., Dec. 18, 2008), *aff'g Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 1777392 * 5-6 (S.D. Fla., Apr. 17, 2008); *Flores v. Nuvoc, Inc.*, 610 F. Supp. 2d 1349 (S.D. Fla. 2008); *Monelus v. Tocodrian, Inc.*, 598 F. Supp. 2d 1312 (S.D. Fla. 2008); *Milbourn v. Aarmada Protection Sys. 2000, Inc.*, 588 F. Supp. 2d 1341 (S.D. Fla. 2008); *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312 (S.D. Fla. 2008); *Polycarpe v. E & S Landscaping, Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla. 2008); *Lamonica v. Safe Hurricane Shutters, Inc.*, 578 F. Supp. 2d 1363 (S.D. Fla. 2008); *Morales v. M & M Painting and Cleaning Corp.*, 2008 WL 4372891 (S.D. Fla., Sept. 24, 2008); *Scott v. K.W. Max Investments, Inc.*, 2007 WL 2850926 (11th Cir., Oct. 2, 2007); *Francois v. Fried Green Tomatoes, Inc.*, 2006 WL 5097646, *2 n.1 (S.D. Fla.) (noting that these are the two elements to enterprise coverage and the parties had

stipulated to the first element). Simply put, the FLSA requires an employer to pay overtime at a rate of one and one-half the employee's regular rate for all time worked over 40 hours in a week, as long as it employs two or more individuals who are engaged in commerce or in the production of goods for commerce. *Id.*

As stated above, it is Defendants' position that the Plaintiff was not engaged in commerce, because all he did was work as a repairer in a local forklift business, and the supplies that he used in his employment were outside of the stream of commerce by the time he used them, because they were purchased locally, and all supplied used were purchased locally. (Facts ¶¶ 2-4); *Polycarpe v. E & S Landscaping, Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla. 2008) (holding that the materials, supplies, and equipment used by the plaintiffs that were purchased by the defendant from local retailers and wholesalers "had come to rest, *i.e.*, any journey of an interstate nature had ended—and were then utilized to transact the landscaping business, which was entirely local in nature"); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (holding that the instate purchase of automotive parts from wholesalers and retailers that were manufactured or traveled outside Florida does not constitute the engagement in commerce, because the parts were at rest and out of the stream of commerce), *aff'd*, *Navarro v. Broney Automotive Repairs, Inc.*, 2008 WL 2315869 (11th Cir., June 6, 2008), *cert. denied*, -- S. Ct. --, 2008 WL 4144447 (2008). In *Navarro*, the court was clear to note that "the [automotive] parts were sent from the out-of-state wholesaler to the various local dealers, not to Broney Automotive. They were stored by the local dealers until they were purchased by Broney Automotive or other customers. The parts stopped flowing in commerce when they were delivered and stored by the local dealers." *Id.* The Court concluded by stating:

> Here, the FLSA coverage line is at the point where the parts were delivered and stored by the local dealers. Any intra-state activity after this point is not interstate commerce for purposes of the FLSA.

*Id.*

In this case, while Defendants concede that for the years in question their gross annual revenue exceeded $500,000, the Plaintiff cannot fulfill the first element to the enterprise coverage framework, because neither was Plaintiff engaged in commerce himself, nor was any other employee engaged in commerce or the production of goods for commerce that is employed by Defendants, because the company is

15

a local forklift repair business that purchases the supplies and other products that it uses from local merchants. (Facts ¶¶ 2-4). Accordingly, on the authority of *Zarate*, *Williams*, *Flores*, *Monelus*, *Aarmada*, *Bien-Aime*, *Polycarpe*, *Lamonica*, *Morales*, *Sandoval*, and *Scott*, Defendants respectfully requests that this Honorable Court grant summary judgment in their favor.

### D.     Dominguez's Individual "Employer" Liability

Under the FLSA, an individual corporate official can be considered an employer. Title 29 U.S.C. § 203(d) defines an "employer" as "any person acting directly or indirectly in the interest of the employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has routinely interpreted this phrase to mean that an employer must be involved in the day-to-day operations of the business, particularly with respect to the setting of wages in order to be an employer under the Act. *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986) (quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)).

Moreover, to the extent that the Court finds that the corporate Defendant is subject to suit, Dominguez's liability is only derivative to that of the corporate Defendant's, *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986), and therefore Dominguez is entitled to summary judgment on that ground. *Milbourn v. Aarmada Protection Sys. 2000, Inc.*, 588 F. Supp. 2d 1341 (S.D. Fla. 2008); *Zarate v. Jamie Underground, Inc.*, -- F. Supp. 2d --, 2009 WL 1838321 (S.D. Fla., June 23, 2009).

### CONCLUSION

For the foregoing reasons, summary judgment should be granted in favor of the Defendants.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 13, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Robert S. Norell, Esq., Law Offices of Robert S. Norell, P.A., 7350 N.W. 5th Street, Plantation, Florida 33317) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> Glasser, Boreth & Kleppin
> Attorneys for Plaintiff
> 8751 W. Broward Blvd.
> Suite 105
> Plantation, FL 33324
> Tel.  (954) 424-1933
> Fax  (954) 474-7405
> E-mail:  Glabor@aol.com
>
>
> By    s/Chris Kleppin
>         Chris Kleppin
>         Fla. Bar No. 625485

C:/MyDocuments/StarLiftInc/DefMforSummaryJudgment07/10/09